*Lyman H. Bryan et al.* v. *Naning V. Knickerbacker et al.* G. W. KIRTLAND, for appellants; S. G. HUNTINGTON, for respondents. Appeal from a decree of the late vice chancellor of the third circuit. The bill was a creditor's bill, and was filed to reach the interest of the grantor in certain real and personal property conveyed by a deed of trust prior to the adoption of the revised statutes. The trust was, that the grantee, or his assigns or such other person or persons as he should by will appoint for that purpose should dispose of, lease and manage the trust property, &c., and to receive the rents and income, and after deducting expenses, apply so much of the rents and income to the use and support of the grantor and of his family, if he should marry and have a family, during his life, as the grantee &c. should deem discreet and reasonable; and to invest and accumulate the residue of such rents and income for the benefit of the heirs of the grantor. And upon the death of the grantor to account for what should remain of the trust estate, and of such accumulations of the rents and income to the heirs at law and

next of kin of the grantor. The trustee under this deed allowed to the grantor $900 a year for his support; and the residue of the rents and income were accumulated to the amonnt of $9000.

**Validity of trusts for benefit of next of kin.** The chancellor decided that under the law as it existed previous to the revised statutes a person not in debt had the right to give his personal property to a trustee, for the sole use and benefit of those who should be the next of kin of the donor at the the time of his death. And that such a trust would be valid not only as to the grantor but as to all persons claiming under him by title subsequent.

**Contingent remainders in personal property.** That limitations of contingent remainders in personal property are valid, provided the absolute ownership of the property is not suspended beyond the period allowed by law.

**Right of creditors to reach interest of *cestui que trust*, in capital of the trust fund.** That as the grantor, in this case, could not have defeated this trust by any act of his, his creditors, whose debts have arisen since the creation of the trust are not entitled to satisfaction of such debts out of the capital of the personal estate, in which their debtor has no interest.

**Validity of trusts of accumulation.** That previous to the revised statutes a trust for the accumulation of rents of real estate, or the income of personal property might be created to continue for the same length of time that the power of alienation or the absolute ownership of such property might legally be suspended. And that such accumulation might be limited to any person or class of persons who should be in esse at the termination of such trust. The trust to receive the rents and income of the trust property in this case, during the life of the grantor, to apply such part thereof to his support as was necessary, and to accumulate the residue for the benefit of his next of kin at his death was therefore held to be valid.

That such a trust of accumulation would not now be valid; inasmuch as by the provisions of the revised statutes the accumulation of the rents and profits of real estate, or the interest or income of personal property can only be created for the benefit of a minor or minors who is or are in existence when the accumulation is to commence; and such accumulation must cease with the termination of such minority. *(1 R. S.* 726, § 37, 38. *Idem* 773, § 3, 4.)

That where a *cestui que trust* had a beneficial interest in a fund for his support and maintenance, under a valid trust created previous to the revised statutes, such interest would pass to his assignees in bankruptcy or under the insolvent acts, or by his own voluntary assignment to a third person. And that consequently it may be reached upon a creditor's bill; especially where the trust fund has proceeded from himself and not from a third person. *Right of creditors to reach the beneficial interest of a debtor in income of trust property.*

The chancellor therefore held that the provision for the support of the judgment debtor in this case, for life, out of the income of the trust property created an interest which could be reached in this suit.

The part of the decree appealed from which declares that complainants are entitled to have their debts satisfied out of the capital of the personal estate in the hands of the trustee, reversed. Also, that part which declares that they are entitled to have their judgments paid out of the rents and income of the trust estate generally ; so far at least as respects that portion of the rents and income which are directed by the trust deed to be accumulated for the benefit of the next of kin.

Decree modified accordingly. Complainants allowed costs in the court below and upon appeal, to be paid out of the income of the trust fund. And the trustee authorized to retain his costs out of any part of the income of the trust property in his hands.